ORIGINAL

3-03CV1566-D

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

RECEIVED
JUL 11 2003
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**I. (a) PLAINTIFFS**

American International Group, Inc., et al.
(See attachment for complete list of plaintiffs)

**DEFENDANTS**

Bernard J. Ebbers, et al.
(See attachment for complete list of defendants)

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  New York
(EXCEPT IN U.S. PLAINTIFF CASES)
Headquartered in New York, on information and belief.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

(See attachment)

ATTORNEYS (IF KNOWN)

(See attachment)

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 |  | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 368 Asbestos Personal Injury Product Liability |  | PROPERTY RIGHTS | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 640 R.R. & Truck | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability / PERSONAL PROPERTY | [ ] 650 Airline Regs. | [ ] 840 Trademark | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | SOCIAL SECURITY | [X] 850 Securities/Commodities/ Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 690 Other | [ ] 861 HIA (1395ff) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | LABOR | [ ] 862 Black Lung (923) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | [ ] 720 Labor/Mgmt. Relations | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting / [ ] 510 Motion to Vacate Sentence | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment / HABEAS CORPUS: |  | FEDERAL TAX SUITS | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations / [ ] 530 General | [ ] 740 Railway Labor Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land |  / [ ] 535 Death Penalty | [ ] 790 Other Labor Litigation |  | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare / [ ] 540 Mandamus & Other | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS - Third Party 26 USC 7609 |  |
| [ ] 290 All Other Real Property | [ ] 440 Other Civil Rights / [ ] 550 Civil Rights / [ ] 555 Prison Condition |  |  | [ ] 890 Other Statutory Actions |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Removal under 28 U.S.C. Section 1452 (bankruptcy related); claims of violations of the Securities Act of 1933 (Sections 11 and 12(a)(2)

**VII. REQUESTED IN COMPLAINT:**
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Compl., Ex. C
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] YES [ ] NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE None in this District. But see  DOCKET NUMBER re other districts
Notice of Removal

DATE: July 11, 2003

SIGNATURE OF ATTORNEY OF RECORD: /s/ Michael A. O'Neill — Michael A. O'Neill

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## ATTACHMENT TO CIVIL COVER SHEET

### Addendum to 1(a):

**Complete List of All Plaintiffs:**
AMERICAN INTERNATIONAL GROUP, INC., AIG ANNUITY INSURANCE COMPANY, AIG LIFE INSURANCE COMPANY, AIG SUNAMERICA INC., AMERICAN GENERAL LIFE AND ACCIDENT INSURANCE COMPANY, AMERICAN GENERAL LIFE INSURANCE COMPANY, AMERICAN INTER-NATIONAL LIFE ASSURANCE COMPANY OF NEW YORK, AMERICAN INTERNATIONAL REINSURANCE COMPANY, LTD., DIAMOND INVESTMENT GRADE CBO II LTD., DIAMOND INVESTMENT GRADE CBO LTD., EMERALD INVESTMENT GRADE CBO II LTD., EMERALD INVESTMENT GRADE CBO LTD., SUNAMERICA LIFE INSURANCE COMPANY, THE VARIABLE ANNUITY LIFE INSURANCE COMPANY, VALIC COMPANY II - STRATEGIC BOND FUND and HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY,

**Complete List of All Defendants:**
BERNARD J. EBBERS, JOHN W. SIDGMORE, SCOTT D. SULLIVAN, CLIFFORD ALEXANDER, JR., JAMES C. ALLEN, JUDITH AREEN, CARL J. AYCOCK, MAX E. BOBBITT, FRANCESCO GALESI, STILES A. KELLETT, JR., GORDON S. MACKLIN, JOHN A. PORTER, BERT C. ROBERTS, JR., LAWRENCE C. TUCKER, JUAN VILLALONGA, CITIGROUP, INC., CITIGROUP GLOBAL MARKETS, INC. (f/k/a Salomon Smith Barney, Inc.),, J.P. MORGAN SECURITIES INC., J.P. MORGAN CHASE & CO., BANK OF AMERICA CORP., BANC OF AMERICA SECURITIES LLC, ABN AMRO INCORPORATED, DEUTSCHE BANK AG, DEUTSCHE BANK SECURITIES, INC.(f/k/a/ Deutsche Banc Alex. Brown, Inc.), LEHMAN BROTHERS HOLDINGS INC., LEHMAN BROTHERS INC., CREDIT SUISSE GROUP, CREDIT SUISSE FIRST BOSTON LLC (f/k/a Credit Suisse First Boston Corporation), GOLDMAN SACHS GROUP, INC., GOLDMAN SACHS & CO., UBS WARBURG LLC, NATIONSBANC MONTGOMERY SECURITIES LLC, and ARTHUR ANDERSEN LLP

**Addendum to 1(c):**

**Plaintiffs' Attorneys:**
PROVOST & UMPHREY LAW FIRM, LLP
3232 McKinney Avenue, Suite 700
Dallas, Texas 75204
Phone: 214-744-3000
Fax: 214-744-3015
Joe Kendall, No. 11260700
Willie C. Briscoe, No. 24001788

MILBERG WEISS BERSHAD HYNES & LERACH LLP
401 B Street, Suite 1700
San Diego, California 92101
Phone: 619-231-1058
Fax: 619-231-7423
William S. Lerach
Darren J. Robbins
Michael J. Dowd
David C. Walton

MILBERG WEISS BERSHAD HYNES & LERACH LLP
100 Pine Street, Suite 2600
San Francisco, California 94111
Phone: 415-288-4545
Fax: 415-288-4534

**Addendum to 1(c) (con't):**

**Defendants' Attorneys:**

Attorneys for Removing Defendants,
Citigroup Global Markets, Inc. (f/k/a Salomon Smith Barney, Inc.), J.P. Morgan Securities, Inc., Goldman Sachs & Co., Banc of America Securities LLC, ABN AMRO Incorporated, Deutsche Bank Securities, Inc.(f/k/a/ Deutsche Banc Alex. Brown, Inc.), Lehman Brothers, Inc., Credit Suisse First Boston LLC (f/k/a Credit Suisse First Boston Corporation), UBS Warburg LLC, and Nationsbanc Montgomery Securities LLC (collectively, the "Underwriter Defendants"), Citigroup, Inc., J.P. Morgan Chase & Co., Bank of America Corp., Deutsche Bank AG, Goldman Sachs Group, Inc. and Lehman Brothers Holdings, Inc. (collectively with the Underwriter Defendants, the "Removing Defendants"):

MICHAEL A. O'NEIL
5949 Sherry Lane, Suite 1030
Dallas, TX 75225
Telephone: (214) 739-0088
Facsimile: (213) 739-8284

Of Counsel:
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Jay B. Kasner
John L. Gardiner

**Additional Defendants' Attorneys:**
**Attorneys for Defendant Bernard J. Ebbers :**
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
1400 Trustmark Building
248 East Capitol Street
Jackson, MS 39201
Phone: 601-948-3101
Fax: 601-960-6902
R. David Kaufman, Esq.

**Addendum to 1(c) (con't):**

**Attorneys for Defendant Scott D. Sullivan:**
ARNOLD & PORTER
555 Twelfth Street, NW
Washington, DC 20004-1206
Phone: 202-942-5000
Fax: 202-942-5999
David M. Maria, Esq.


**Attorneys for Defendant WorldCom Directors,
John W. Sidgmore, Clifford Alexander, Jr., James C. Allen, Judith Areen, Carl J. Aycock, Max E. Bobbitt, Francesco Galesi, Stiles A. Kellett, Jr., Gordon S. Macklin, John A. Porter, Bert C. Roberts, Jr., Lawrence C. Tucker, Juan Villalonga:**
SIMPSON THATCHER & BARTLETT
425 Lexington Avenue
New York, New York 10017-3954
Phone: 212-455-2000
Fax: 212-455-2502
Paul C. Curnin, Esq.


**Attorneys for Defendant Arthur Andersen:**
CURTIS MALLET-PREVOST COLT & MOSLE LLP
101 Park Avenue
New York, New York 10178-0061
Phone: 212-696-6000
Fax: 212-697-1559
Eliot Lauer, Esq.

ORIGINAL

# United States District Court
# Northern District of Texas

## Supplemental Civil Cover Sheet For Cases Removed From State Court



This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office. Additional sheets may be used as necessary.

1. **State Court Information:**

   Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

   | Court | Case Number |
   |---|---|
   | Dallas County District Court, 14th Judicial District | No. 0305922 |

2. **Style of the Case:**

   Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code.)

   | Party and Party Type | Attorney(s) |
   |---|---|
   | See Attachment | |

3. **Jury Demand:**

   Was a Jury Demand made in State Court?    ☒ Yes    ☐ No

   If "*Yes*," by which party and on what date?

   | Plaintiffs | June 11, 2003 in |
   |---|---|
   | Party | Date original Complaint |

Supplemental Civil Cover Sheet
Page 2

4. **Answer:**

   Was an Answer made in State Court?  ☐ Yes  ☒ No

   If "*Yes*," by which party and on what date?

   _____          _____
   Party                                                          Date

5. **Unserved Parties:**

   The following parties have not been served at the time this case was removed:

   **Party**                                                        **Reason(s) for No Service**

   Based on information and belief,
   none of the defendants have been
   properly served.

6. **Nonsuited, Dismissed or Terminated Parties:**

   Please indicate any changes from the style on the State Court papers and the reason for that change:

   **Party**                                                        **Reason**

   N/A

7. **Claims of the Parties:**

   The filing party submits the following summary of the remaining claims of each party in this litigation:

   **Party**                                                        **Claim(s)**

   Plaintiffs                                                       Claims of violations of the
                                                                    Securities Act of 1933 (Sections 11
                                                                    and 12(a)(2).

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 11 2003
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| AMERICAN INTERNATIONAL GROUP, INC., AIG ANNUITY INSURANCE COMPANY, AIG LIFE INSURANCE COMPANY, AIG SUNAMERICA INC., AMERICAN GENERAL LIFE AND ACCIDENT INSURANCE COMPANY, AMERICAN GENERAL LIFE INSURANCE COMPANY, AMERICAN INTERNATIONAL LIFE ASSURANCE COMPANY OF NEW YORK, AMERICAN INTERNATIONAL REINSURANCE COMPANY, LTD., DIAMOND INVESTMENT GRADE CBO II LTD., DIAMOND INVESTMENT GRADE CBO LTD., EMERALD INVESTMENT GRADE CBO II LTD., EMERALD INVESTMENT GRADE CBO LTD., SUNAMERICA LIFE INSURANCE COMPANY, THE VARIABLE ANNUITY LIFE INSURANCE COMPANY, VALIC COMPANY II - STRATEGIC BOND FUND and HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY, § § § § § § § § § § § § § § § § § § § § § § § § § | CASE NO. _____<br><br>3-03CV1566-D<br><br>NOTICE OF REMOVAL<br>(Volume 1 of 3) |
| Plaintiffs, § § | |
| vs. § § | |
| BERNARD J. EBBERS, JOHN W. SIDGMORE, SCOTT D. SULLIVAN, CLIFFORD ALEXANDER, JR., JAMES C. ALLEN, JUDITH AREEN, CARL J. AYCOCK, MAX E. BOBBITT, FRANCESCO GALESI, STILES A. KELLETT, JR., GORDON S. MACKLIN, JOHN A. PORTER, BERT C. ROBERTS, JR., LAWRENCE C. TUCKER, JUAN VILLALONGA, CITIGROUP, INC., SALOMON SMITH BARNEY INC., J.P. MORGAN SECURITIES INC., J.P. MORGAN CHASE & CO., BANK OF AMERICA CORP., BANC OF AMERICA SECURITIES LLC, ABN AMRO INCORPORATED, DEUTSCHE BANK AG, § § § § § § § § § § § § § § § § § § | |

| | |
|---|---|
| DEUTSCHE BANC ALEX BROWN INC., LEHMAN BROTHERS HOLDINGS INC., LEHMAN BROTHERS INC., CREDIT SUISSE GROUP, CREDIT SUISSE FIRST BOSTON CORP., GOLDMAN SACHS GROUP, INC., GOLDMAN SACHS & CO., UBS WARBURG LLC, NATIONSBANC MONTGOMERY SECURITIES LLC, and ARTHUR ANDERSEN LLP, | § § § § § § § § § § |
| Defendants. | |

**TO THE CLERK OF THE ABOVE-IDENTIFIED COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, for the reasons set forth below, Defendants Citigroup Global Markets, Inc. (f/k/a Salomon Smith Barney, Inc.), J.P. Morgan Securities, Inc., Goldman Sachs & Co., Banc of America Securities LLC, ABN AMRO Incorporated, Deutsche Bank Securities, Inc. (f/k/a Deutsche Banc Alex. Brown, Inc.), Lehman Brothers, Inc., Credit Suisse First Boston LLC (f/k/a Credit Suisse First Boston Corporation), UBS Warburg LLC, and Nationsbanc Montgomery Securities LLC (collectively, the "Underwriter Defendants"), Citigroup, Inc., J.P. Morgan Chase & Co., Bank of America Corp., Deutsche Bank AG, Goldman Sachs Group, Inc. and Lehman Brothers Holdings, Inc. (collectively with the Underwriter Defendants, the "Removing Defendants"), by their undersigned attorneys, file this Notice of Removal to remove this Action from the District Court for Judicial District No. A-14th, Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1452.

In support of the Notice of Removal, the Removing Defendants state as follows:

**BACKGROUND TO THE NOTICE OF REMOVAL**

1.  On June 11, 2003, plaintiffs American International Group, Inc., AIG Annuity Insurance Company, AIG Life Insurance Company, AIG SunAmerica Inc., American General Life and Accident Insurance Company, American General Life Insurance Company, American International Life Assurance Company of New York, American International Reinsurance Company, Ltd., Diamond Investment Grade CBO II Ltd., Diamond Investment Grade CBO Ltd., Emerald Investment Grade CBO II Ltd., Emerald Investment Grade CBO Ltd., SunAmerica Life Insurance Company, the Variable Annuity Life Insurance Company, Valic Company II - Strategic Bond Fund and Hartford Steam Boiler Inspection and Insurance Company ("Plaintiffs") filed a Complaint in the District Court for Judicial District No. A-14th, Dallas County, Texas, entitled <u>American Int'l Group, Inc., et al. v. Ebbers, et al.</u>, Case No. 0305922A (the "Action").

2.  Pursuant to Local Rule 81.1, the following documents are attached hereto as Exhibit A:

    (A)(1) an index of all documents;

    (A)(2) a copy of the docket sheet in the state court action; and

    (A)(3) each, but in this case, the only document filed in the state court action (the Complaint); and

    (A)(4) a separately signed certificate of interested persons that complies with Local Rule 3.1(f).

3.  Plaintiffs allege violations of Section 11 of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77(k), by, among others, WorldCom, Inc. ("WorldCom") and certain of WorldCom's present and former officers and directors, the Underwriter Defendants and WorldCom's then independent outside auditors, Arthur Andersen LLP, in connection with WorldCom debt

securities. (Exhibit A(3), Compl. ¶¶ 1, 3, 4, 7, 202-213.) Plaintiff AIG Life Insurance Company also alleges as against certain defendants violations of Section 12(a)(2) of the Securities Act, 15 U.S.C. § 77*l*(a)(2). (Id. at ¶¶ 214 - 221.)

4.   On July 21, 2002, before Plaintiffs filed this Action, WorldCom filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Action"). As of July 9, 2003, the docket sheet for this bankruptcy lists over 7,000 pleadings, affidavits and orders. See In re WorldCom, Inc., Case No. 02-13533-AJG. (A true and correct copy of the docket sheet is attached hereto as Exhibit B.)

5.   WorldCom's well publicized accounting issues and recent bankruptcy have produced numerous related cases, such as the instant Action, that may substantially affect WorldCom's reorganization plan and the distribution of its assets. Here, Plaintiffs claim violations of Sections 11 and 12(a)(2) of the Securities Act by the Underwriter Defendants and others. The Underwriter Defendants are entitled to, among other things, contractual indemnification for any losses incurred in connection with this Action with respect to their services as underwriters. Moreover, among other things, the Underwriter Defendants may have contribution rights against WorldCom pursuant to the provisions of Section 11 of the Securities Act. See In re WorldCom, Inc. Sec. Litig. (N.Y. City Employees' Ret. Sys. v. Ebbers), 293 B.R. 308, 321 (S.D.N.Y. 2003). (A true and correct copy of this decision is attached hereto as Exhibit C.). Furthermore, this Action is "related to" the WorldCom bankruptcy due to the high degree of entwinement of WorldCom in this action, and the "identity of interests" between WorldCom and the Underwriter Defendants. See, e.g., In re Dow Corning Corp., 86 F.3d 482, 492-93 (6th Cir. 1996); In re WorldCom, 293 B.R. at 321, 334 (Ex. C)

(denying motion to remand, in part based on recognition of interconnected nature of bondholder cases and bankruptcy action).

6. Accordingly, these claims could produce serious consequences for WorldCom's reorganization. On August 7, 2002, the Underwriter Defendants against which claims had been asserted filed a Proof of Claim in the Bankruptcy Action. (A true and correct copy of the Proof of Claim is attached hereto as Exhibit D.) This Proof of Claim was subsequently amended on January 17 and January 23, 2003. (True and correct copies of those amendments are attached hereto as Exhibits E and F.) As potentially significant liabilities for the debtor, these indemnification and/or contribution claims could also substantially affect the assets of WorldCom's bankruptcy estate. Indeed, the outcome of this Action has the potential to interfere with attempts by the bankruptcy court to distribute assets from WorldCom's bankruptcy estate or with the reorganization plan itself.

## REMOVAL PURSUANT TO 28 U.S.C. § 1452

7. Cases which are related to a pending bankruptcy case may be removed pursuant to 28 U.S.C. § 1452(a), which states in pertinent part:

> A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claims or causes of action under section 1334 of this title.

28 U.S.C. § 1452(a). 28 U.S.C. § 1334(b) gives district courts original, although not exclusive, jurisdiction "of all civil proceedings arising under title 11, or arising in or related to cases under title 11." The Action here is related to a case currently pending under the United States Bankruptcy Code, i.e. WorldCom's Chapter 11 proceeding in the Southern District of New York, because the Action could affect the bankruptcy estate. The Action is a civil action that does not relate to a

proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power.

8. After this Action has been removed to this Court, the Underwriter Defendants intend to request the Judicial Panel on Multidistrict Litigation (the "MDL Panel"), pursuant to 28 U.S.C. § 1407, to transfer this Action to the Southern District of New York, for coordinated or consolidated pretrial proceedings established by the MDL Panel.

9. On October 8, 2002, the MDL Panel issued an Order in In re WorldCom, Inc., Securities and "ERISA" Litigation, No. 1487 (J.P.M.L.). (A true and correct copy of the Order is attached hereto as Exhibit G.) By this Order, pursuant to 28 U.S.C. § 1407, the MDL Panel centralized WorldCom-related securities and ERISA actions in the United States District Court for the Southern District of New York, before the Hon. Denise Cote, for coordinated or consolidated pretrial proceedings.

10. The MDL Panel issued further orders on January 2, 2003, January 8, 2003, January 30, 2003, February 20, 2003, April 15, 2003, May 12, 2003, May 23, 2003, June 13, 2003, and June 17, 2003, similarly transferring or conditionally transferring additional WorldCom-related actions to Judge Cote for coordinated or consolidated pretrial proceedings. (Copies of these orders are attached hereto as Exhibits H-P.) Among those orders is included the MDL Panel's rejection of objections to transfer of another identical bondholder action brought by the same counsel as used by Plaintiff here. (See Ex. O.)

### THE REMOVAL PREREQUISITES HAVE BEEN SATISFIED

11. Pursuant to 28 U.S.C. § 1446(b) and Federal Rule of Bankruptcy Procedure 9027(a), this Notice of Removal is being filed within thirty days of the commencement of the above Action

and is, therefore, timely. The Action is a non-core proceeding and the Removing Defendants consent to the entry of final orders and judgments by the bankruptcy judge. By consenting to the entry of final orders or judgments, the Removing Defendants do not waive or give up any rights to seek appellate review of any orders or judgments entered by the bankruptcy judge.

12. True and correct copies of all the process, pleadings and orders received by defendants in the state court proceeding are filed with this Court as Exhibits A(3) and Q.

13. Written notice of the filing of this Notice of Removal is hereby given to all parties.

14. A Notice of Filing Notice of Removal with a copy of this Notice of Removal attached will be filed promptly with the Clerk of the District Court for Judicial District No. A-14th, Dallas County, Texas.

15. No previous application has been made by defendants for this or similar relief.

16. All defendants presently in the case expressly consent to the removal of this Action.[1] The Removing Defendants consent by and through their undersigned counsel. True and correct copies of notices of consent to removal by defendants Bernard J. Ebbers, Scott D. Sullivan, John W. Sidgmore, Clifford L. Alexander, Jr., James C. Allen, Judith Areen, Carl J. Aycock, Max E. Bobbitt, Francesco Galesi, Stiles A. Kellett, Jr., Gordon S. Macklin, John A. Porter, Bert C. Roberts, Jr., Lawrence C. Tucker, Juan Villalonga and Arthur Andersen LLP, are attached hereto as Exhibit R.

---

[1] The Removing Defendants (none of which have been properly served with the Complaint), Bernard J. Ebbers, Scott D. Sullivan, John W. Sidgmore, Clifford Alexander, Jr., James C. Allen, Judith Areen, Carl J. Aycock, Max E. Bobbitt, Francesco Galesi, Stiles A. Kellett, Jr., Gordon S. Macklin, John A. Porter, Bert C. Roberts, Jr., Lawrence C. Tucker, Juan Villalonga and Arthur Andersen LLP reserve their rights to seek dismissal of the Complaint on jurisdictional and any other grounds. See Morris & Co. v. Skandinavia Ins. Co., 279 U.S. 405, 409 (1929) ("Petitioner suggests that, by removal of the case to the federal court, objection to jurisdiction over the person of respondent was waived. Our decisions are to the contrary."); Mgmt. Insights, Inc. v. APG, Inc., CIVIL ACTION NO. 3:00-CV-2779-X , 2001 U.S. Dist. LEXIS 24154, at *4 (N.D. Tex. Aug. 6, 2001) (Kendall, J.) (same). Credit Suisse Group has not been served and therefore need not consent to the removal of this action.

17. WHEREFORE, the Removing Defendants, desiring to remove this Action to the United States District Court for the Northern District of Texas, Dallas Division, hereby request that the filing of this Notice of Removal shall effect the removal of this civil action to this Court.

Dated: July 11, 2003

Respectfully submitted,

By: /s/ Michael A. O'Neil
Michael A. O'Neil
5949 Sherry Lane, Suite 820
Dallas, TX 75225
Telephone: (214) 739-0088
Facsimile: (213) 739-8284

Attorneys for the Removing Defendants

OF COUNSEL:
Jay B. Kasner
John L. Gardiner
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000